UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ISMAEL MARRERO ROLON, *et. al.*, | |
| Plaintiff, | CIVIL NO.: 15-cv-1167 (JAG) |
| V. | |
| AUTORIDAD DE ENERGIA ELECTRICA A/K/A PUERTO RICO ELECTRIC POWER AUTHORITY; et. al. | CLASS ACTION COMPLAIT |
| | TRIAL BY JURY DEMANDED |
| Defendants. | |

### REPLY TO PLAITNIFFS COMBINED OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**TO THE HONORABLE JAY GARCIA-GREGORY**

**COME NOW** Defendants, Altol Chemical Environmental Laboratory, Inc. ("Altol Chemical") and Altol Environmental Services, Inc. ("Altol Environmental") (hereinafter collectively referred to as "Alchem"), through the undersigned attorneys, respectfully state and request as follows:

### I.   INTRODUCTION

Plaintiffs filed the "Plaintiffs' Combined Opposition to Defendants' Motion to Dismiss" on July 13, 2015 (hereinafter "Opposition"). (D.E. # 151-1.) Plaintiffs describe their motion as a "combined opposition" to all fourteen (14) motions to dismiss filed by the co-defendants. They insinuate that they filed a sole omnibus Opposition in order to help the Court see the entire picture (not actions in a vacuum), but what they have really done is try to avoid addressing Alchem and other co-defendant's legitimate arguments head-on. At a bare minimum they could have filed

1

oppositions based on the three (3) distinct kinds of defendants, *to wit*, the PREPA, the Fuel Oil Suppliers and the Laboratory Participants. They chose not to do so.

At this stage of the case, the Honorable Court considers the plausible facts alleged in the Complaint and applies the law. Considering the length of the Complaint (80 pages), Alchem carefully laid all of the facts which address it in its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss). (See, D.E. # 121.) And they rely on that filing, which suffices to justify dismissal of the Complaint as to Alchem. A review of the same clearly show that Alchem is not part of any alleged scheme to defraud. That said, it briefly argues only what is strictly necessary considering this Honorable Court's Order to address only new arguments. (D.E. # 153, Order.)

**II.     ARGUMENTS**

**1.     Plaintiffs fail to allege that Alchem engaged in "predicate acts"**

In it Motion to Dismiss, Alchem points out that every single statement in the Complaint addressing specific testing by Alchem says that it *correctly* tested and reported the quality of fuel oil. Alchem raised that argument in its Motion to Dismiss, but Plaintiffs steer clear of addressing it in their Opposition. Alchem argued as follows:

> Here, there is not a single allegation in the complaint showing that Alchem engaged in illegal conduct. All the Plaintiffs state is that PREPA and the Fuel Oil participants hired the Laboratory Participants thousands of times *via phone call or e-mail* so that the Laboratory Participants could test the chemical composition and quality of "millions of barrels of fuel oil." (See, D.E. # 1 at ¶¶ 62 and 71.) In fact, the only allegations in the complaint addressing Alchem's specific conduct relate to the testing of fuel oil **all state** that Alchem reported the fuel oil as Non-compliant. (*Id*. at ¶¶ 82, 109, 110, 123, 127-132, 168-171, 207 and 226.) In fact, and despite Plaintiffs attempt to cast a shadow upon Alchem's reputation by suggesting that it "change it methodologies,"[] every single fact statement in the Complaint addressing Alchem's conduct suggests that it acted correctly and professionally. (*See above*, Section III, pgs. 20-23 at ¶¶ 59-77)

2

(*See*, D.E. # 121, Alchem's Motion to Dismiss at pgs. 34, ¶ 2.)  By not addressing that obvious argument, Plaintiffs have waived it and conceded to it.  Cf. *Lyndon Prop. Ins. Co. v. Duke Levey & Assocs. LLC*, 475 F.3d 268, 270 fn. 1 (1st Cir. 2007) (Party abandons claims on appeal by failing to brief them).

Seeking to cure that grave defect in their filing and trying to somehow allege an illegal or "predicate act" committed by Alchem, Plaintiffs argue as follows:

> Alchem knew of the Fuel Oil Cartel Enterprise and its scheme to defraud for years – and in fact attempted to resist participating in its affairs.  By 2010, however, Alchem's President made a knowing decision to participate in the enterprise.  Alchem did so by deliberately changing its calibration methods.  Alchem changed its calibration methods in order to carry out PREPA's directions that tests of fuel oil be falsified to show that Non-Compliant Fuel Oil was complaint.

(*See*, D.E. 151, Plaintiffs' Opposition at pgs. 30-31)  That was the best Plaintiffs could muster.

In sum, Plaintiffs alleged that Alchem changed its testing methodologies in the year 2010 and nothing more is said.  (*Id*. at ¶¶ 213, 214, 215 and 219.)  They do not expose what the proper methodology is, nor how Alchem changed it or which ones they were.  Further, those statements **are then controverted by Plaintiffs own allegations** that in the year 2014 (4 years later), Alchem was conducting all testing and calibration correctly.  (*Id*. at ¶¶ 230, 231, 233, 235, 236, 240 and 242.)

Further, at footnote 6 of its Motion to Dismiss Alchem argued that the Complaint was devoid of any explanation as to what the industry's "methodologies" and standards were for testing fuel oil.  It states:

> Plaintiffs allege that Alchem change its testing methodologies to meet PREPA's alleged demands to find Non-complaint Fuel Oil compliant. However, at no time do they explain what the "proper methodologies" are or how Alchem or the other laboratories failed to comply with those standards.  At the very least, Plaintiffs should have explained what the standards are for testing the quality of No. 6 fuel oil.

(*See*, D.E. # 121, Alchem's Motion to Dismiss at pgs. 34 at Fn. 6.) Plaintiffs did not address that argument either. Thus, it too was waived and conceded. In sum, Plaintiffs allege that Alchem and the co-defendants used improper testing and calibration methods, but they failed to articulate what are the proper industry standards. They don't even explain which tests were conducted incorrectly, whether BTU's, flash point, viscosity and/or API gravity. (See, D.E. # 1, Complaint at ¶ 235.)

Clearly Plaintiffs did not plead "predicate acts" as to Alchem and they certainly did not meet Fed. R. Civ. P. 9(b) standards.

### 2.  Failure to plead "intent" regarding predicate acts

While seeking to find a way around the argument that "reaping a profit" is not sufficient common purpose to demonstrate an "enterprise," Plaintiffs argue that they meet the "common purpose" requirement because:

> Defendants' common purpose was to facilitate the Fuel Oil Suppliers' delivery (and PREPA's acceptance) of Non-Compliant Fuel Oil, by covering up the deliveries with falsified test results stating the fuel oil was compliant. **Defendants did so knowing** PRPEPA would pay higher prices for the fuel oil than warranted and **pass costs on the Plaintiffs and the class**, thus sharing an illegal purpose to defraud.

(*See*, D.E. 151, Plaintiffs' Opposition at pg. 27.) (Emphasis added.) To support the *second line* of that statement, which seems to insinuate "knowledge or intent," they cite to thirteen (13) paragraphs. However, none of them even suggests that the Laboratory Participants "knew" that PREPA would pass additional costs on to its customers. Further, regarding the Laboratory Participants, the Complaint states that the Laboratory Participants engaged in such conduct to secure work, nothing more. There is not a single "fact allegation" in the complaint stating with particularity that Alchem knew that the costs caused by the alleged scheme would be passed on to the Plaintiffs. And, in order to meet the pleading standards of wire and/or mail fraud "specific

intent to defraud" must be plead. *Cordero-Hernandez v. Hernandez-Ballesteros*, 449 F.3d 240, 244 (1st Cir. 2006). Further, Plaintiffs had to show that Alchem knowingly and willingly participated in the scheme with the specific intent to defraud. *Sanchez v. Triple-S Mgmt., Corp.*, 492 F.3d 1, 9-10 (1st Cir. 2007.)

All the Complaint contains are bold assertions in its "Cause of Action" section, stating the Defendants "knowledge" because of the cost structure of the Puerto Rico electric system.  (*See*, D.E. # 1, Complaint at ¶¶ 275-278.)  Such meager statements do not meet the pleading standards of Rule 9 or *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 3. Lack of investigation and now a request for discovery

Plaintiffs, citing to *New England Data Servs., Inc. v. Becher*, 829 F.2d 286 (1987) and *North Am. Catholic Edu. Programming Found, Inc. v. Cardinale*, 567 F.3d8 (1st Cir. 2009), request leave to conduct discovery were this Honorable Court to be inclined to dismiss their Complaint. However, their request should be denied.  First and formost, their claim is not plausible. Second, they haven't even explained what steps they took to investigate the facts of this case prior to filing the same.  Nor have they provided any insight as to what they would seek and/or who has tried to conceal information from them.

Coaxed by Alchem's arguments, Plaintiffs argued in their Opposition that they did investigate the facts of the case prior to filing.  However, the don't explain and then avidly try to avoid addressing the points made in Alchem's Motion to Dismiss on the issue by spinning the argument into a sanctions issue.  (See, D.E. # 151 at pg. 78 and 79.)  But, Alchem *did not* request sanctions.  (See, D.E. # 121 at pgs. 42 and 44.)  What it did do was bring to the attention of this Honorable Court how frivolous this law suit is and **Rule 11 certainly imposes a duty to reasonably investigate factual allegations and legal contentions before presenting them to the**

**Court.** *See*, Fed. R. Civ. P. 11(b) and *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 766 (1st Cir. 2014). That goes for investigating every single defendant. And, the duty is particularly important in civil RICO cases. *Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 685 (5th Cir. 1989).

Here, Plaintiffs chose to file against Alchem despite the fact that *every single statement in the Complaint* addressing Alchem's testing results show that it properly reported fuel oil quality. The Complaint is riddled with references to an unnamed "former Alchem employee," *without a single example of misconduct*, and it even says that Alchem's President, Alving Tollinchi Delgado, allegedly reported the scheme between PREPA, the Fuel Oil Participants and Laboratory Participants to auditors around the year 2010. (*See*, D.E. # 1, ¶¶ 125-127.) If so, how is Alchem a culprit? If anything it would be a whistleblower. Despite those facts, which completely exclude Alchem from any scheme, Plaintiffs then make an unsupported blanket statement that Alchem changed its testing methodologies in the year 2010 and began participating in the alleged scheme, without more.

The slightest pre-filing investigative efforts would have resulted in a meeting with Alchem and the avoidance of this case. However, Plaintiffs chose to "shoot first" and ask questions later. In fact, the first time Plaintiffs sought to meet with Alchem to investigate the facts was two (2) months *after* this case was filed. (*See*, Exhibit A, Letter from Plaintiffs' to Alchem dated April 24, 2015.)[1] It was only then that they sought to investigate the facts. Please note the content and requests in the letter. (*Id*.) Alchem declined Plaintiffs post-filing request by not even submitting an answer to their letter.

---

[1] Said letter is not provided to show any liability or settlement issues. It is only provided to show the request made by Plaintiffs two (2) months *after* they filed the Complaint.

Plaintiffs just wants concessions despite failing to investigate the case, failing to explain exactly what discovery they would seek and filing a frivolous law suit. Thus, their eleventh hour requests for discovery should be denied. Particularly where, as here, such a remedy would be futile. *See Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).

### 4. The "common purpose" requirement of an "association in fact"

Alchem herein incorporates the arguments raised by co-defendant Inspectorate America Corporation in its Reply Memorandum in Support of Dismissal regarding the absence of the requisite "common purposes" necessary for an "association in fact" Enterprises to exist. (See, D.E. 176, Inspectorate's Reply Brief at pgs. 9-11.)

### III. Conclusion

Plaintiffs have not met the requirements of pleading proper claims under the Racketeering Influences Corrupt Organization Act or under any state statue.

In sum, the Complaint entails mostly a generalized narrative of how the PREPA decided to receive and accept deliveries of fuel oil. And, there is not a single specific claim that Alchem engage in any of the "mail" or "wire" fraud acts, which are the basis for Plaintiffs' RICO claims. Absent too are any factual allegations of "affirmative and intentional misrepresentations."

Also, there is not a single allegation stating that Alchem intentionally falsifies lab results or intended to defraud anyone. In sum, there are no statements whatsoever that Alchem had any specific intent to defraud. Thus, there is no basis to continue this cause of action against Alchem.

**WHEREFORE**, Alchem very respectfully requests that this Honorable Court take notice of the above and GRANT its Motion to Dismiss, with prejudice.

**I HEREBY CERTIFY** that on this date I electronically filed the present motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 14th day August, 2015.

**Bufete Emmanuelli, C.S.P.**
P.O. Box 10779
Ponce, Puerto Rico 00732-0779
TEL. (787) 843-8406; Fax (787) 848-6586

**s/Rolando Emmanuelli Jiménez**
Rolando Emmanuelli-Jiménez
USDC – PR No. 214105
E-mail: remmanuelli@me.com

**Trebilcock & Rovira, LLC**
Ochoa Building, Suite 201
500 Tanca Street
San Juan, PR 00901
Phone No.  (787) 723-0439

**s/Thomas Trebilcock-Horan**
Thomas Trebilcock-Horan
USDC - PR No. 220514
ttrebilcock@trebilcockrovira.com