

Elizabeth A. Fegan
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1144 W. LAKE STREET, SUITE 400
OAK PARK, IL 60301-1043
www.hbsslaw.com
**Direct (708) 628-4960**
**Direct Fax (708) 628-4950**
**beth@hbsslaw.com**

April 24, 2015

**Confidential Pursuant to
F.R.E 408**

<u>Via E-Mail</u>

Rolando Emmanuelli-Jiménez
Bufete Emmanuelli, C.S.P.
Urbanización Constancia
Calle San Francisco 2803
P. O. Box 10779
Ponce, Puerto Rico 00732-0779

     Re:    *Rolon v. PREPA et al.*

Dear Mr. Emmanuelli:

     Thank you for meeting with us last week regarding a potential resolution of the claims against Altol Chemical Environmental Laboratory Inc. d/b/a Alchem Laboratory and Altol Environmental Services, Inc. d/b/a Altol Enterprises (collectively "Defendants").  As we agreed, we request that you maintain this proposal confidential.

     For the reasons we discussed at our meeting, Plaintiffs propose two alternative options for resolution.

     For the first option, in exchange for a class-wide release, Plaintiffs propose Defendants' cooperation (explained more fully below) plus Defendants' agreement to pay for the costs of providing notice to the settlement class.[1]

---

[1] We are currently researching ways to manage the costs of notice.  According to a notice provider with which we regularly work, they believe that we could propose a notice program to the Court comprised of publication (e.g. simple publication in newspapers, a very basic, static website, and a press release) that would cost no more than $100,000. In the event the Court says we have to obtain customer contact information from PREPA to provide direct notice, we would argue that the only way to make that work is to have PREPA include the notice in the monthly electricity bills sent to customers.

SEATTLE   BOSTON   CHICAGO   COLORADO SPRINGS   LOS ANGELES   NEW YORK   PHOENIX   SAN FRANCISCO   WASHINGTON, D.C.

010476-11  775095 V1

April 24, 2015
Page 2


For the second option, in exchange for dismissal with prejudice by the Plaintiffs, Plaintiffs propose the same cooperation from Defendants described below.

Obviously, the difference between the two options is measured by a comparison of (i) Defendants' desire for a release of all civil claims related to the alleged facts, against (ii) Defendants' tolerance for obtaining a dismissal now from the individual Plaintiffs but bearing the risk that other PREPA customers could sue Defendants based on the same facts in the future.

Plaintiffs are open to either option, subject to agreement to the scope of cooperation proposed below.

## Scope of Cooperation

1. *Pre-Agreement Proffer of Facts.* Prior to the execution of a settlement agreement, Defendants' corporate representative or attorney will make themselves available for one (1) meeting (such meeting may last one day) to provide a proffer of facts known to the Defendant regarding:

   a. Corporate organization;
   b. Meetings, communications, cooperation or agreements among PREPA, any fuel oil supplier, and/or any laboratory during the Class Period concerning fuel oil including, without limitation, information about the expected testimony of any employees of Defendants with knowledge (if any) of any such meetings, communications, cooperation or agreements;
   c. The way in which fuel oil was bought, sold, or tested in Puerto Rico during the Class Period, regardless of Defendants' participation in any agreements;
   d. Testing methodologies, including industry standards as well as the way Saybolt and/or Inspectorate conducted testing of fuel oil;
   e. Defendants' provision of testing services to PREPA or any fuel oil supplier;
   f. Communications with PREPA, fuel oil suppliers and/or other laboratories concerning fuel oil;
   g. All statements (oral and written) to Defendants regarding the reasons why PREPA and/or the Fuel Oil Suppliers did not retain Defendants' services or only retained Defendants' services on a limited basis;
   h. All documents, including electronically stored information ("ESI"), (if any) relating to fuel oil, regardless of content;
   i. Identification of Defendants' witnesses with knowledge regarding its fuel oil laboratory, fuel oil testing protocols, communications with PREPA,

April 24, 2015
Page 3

        communications with fuel oil suppliers, and communications with any other laboratory concerning fuel oil in Puerto Rico.

This pre-agreement proffer of facts shall be subject to Rule 408 of the Federal Rules of Evidence, except for (1) purposes of impeachment in the event that Defendants' witnesses .

     2.   *Production of transactional data.* Within forty-five (45) days after the execution of a settlement agreement, Defendants shall identify and produce relevant transactional data reflecting Defendants' revenues attributable to testing of fuel oil sold or purchased for the combustion of electricity in Puerto Rico.

     3.   *Production of documents and ESI.* Within sixty (60) days after the execution of a settlement agreement, Defendants shall identify and produce documents, including ESI, in the possession of or reasonably accessible to Defendants related to fuel oil sold or purchased for the combustion of electricity in Puerto Rico, including, but not limited to:

        a. All emails or other communications sent to or received from a domain controlled by PREPA, any defendant or non-defendant fuel oil supplier, or any other fuel oil laboratory;
        b. All internal communications, documents, and other reports referring to fuel oil or the testing of fuel oil used for the combustion of electricity in Puerto Rico;
        c. All fuel oil testing results, including any log books or other contemporaneous documentation of results;
        d. All documents concerning any fuel oil testing or audit procedures, protocols, or guidelines used by Defendants or any other fuel oil laboratory in Puerto Rico or laboratory used by the fuel oil suppliers outside Puerto Rico.

     4.   *Second Proffer of Facts After Document Production.* Beginning thirty (30) days after the completion of production of documents described above, a corporate representative will make themselves available for one (l) additional meeting (such meeting may last one day) to provide a proffer of facts known to them regarding the information described in 2-3 above. The corporate representative will make themselves available for reasonable follow-up conferences (by telephone or in-person as counsel for the parties hereto may agree) including, but not limited to, identifying individuals, such

010476-11  775095 V1

April 24, 2015
Page 4

as current or former employees, who may provide information or potential testimony relevant to fuel oil.

5.  *Witness production for interview, deposition or trial.* Upon reasonable notice after the production of documents, Defendants will agree:

   a. to use reasonable efforts to make available for interviews, depositions (or, if Plaintiffs' Counsel and Counsel for Defendants so agree, in lieu of depositions, the preparation of declarations and/or affidavits), and testimony at hearings or trial, via videoconference or at a mutually agreed upon location or locations (except for testimony at hearings or trial, which shall be at the United States Courthouse of the United States District of Puerto Rico), up to a total of 10 persons for Defendants, which may consist of current or former directors, officers, and/or employees of Defendants (if such former employees agree they would cooperate);
   b. to bear reasonable travel expenses incurred by each of their respective witnesses;
   c. to use good faith efforts to obtain the cooperation of each of their respective former directors, officers and/or employees, at Plaintiffs' Counsel's request;
   d. to provide one or, if necessary, more witnesses to establish in discovery, and if necessary at trial, to the best of their ability, the foundation of any documents or data produced by Defendants that Plaintiffs' Counsel identify as necessary for summary judgment and/or trial.

6.  *Authentication of documents for trial.* Defendants will agree to cooperate with Plaintiffs to authenticate and qualify as business records, if applicable, documents that are identified by Plaintiffs' Counsel as potential trial exhibits, either via written affidavit or, if required by the Court, by providing a custodian of records witness.

7.  *Confidentiality.* Plaintiffs' Counsel shall maintain all documents produced and statements made by Defendants as strictly confidential, except as may be required by the Federal Rules of Civil Procedure or order of the Court, and shall not use directly or indirectly the information for any purpose other than the prosecution of this litigation against non-settling defendants. Defendant shall maintain this agreement strictly confidential, except as may be required by the Federal Rules of Civil Procedure or order of the Court.

010476-11  775095 V1

       8.    *Preservation of documents.* Defendants shall warrant that they have not destroyed any documents, data, or fuel oil samples since they became aware of lawsuit, and agree to preserve all documents, data, and ESI related to fuel oil until any judgment becomes final.

       We look forward to discussing these issues with you and your clients further.

Sincerely,

HAGENS BERMAN SOBOL SHAPIRO LLP

/s/ Beth

Elizabeth A. Fegan

BF:eaf
cc:    Steve W. Berman
        Jane Becker Whitaker
        J. Barton Goplerud