# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Ismael Marrero Rolón, Anne Catesby Jones, Jorge Valdes Llauger, Puerto Rico Bathroom Remodeling, Inc., Performance Chemicals Company, Inc.<br><br>        Plaintiffs,<br><br>                        v.<br><br>Autoridad De Energía Eléctrica a/k/a Puerto Rico Electric Power Authority, William Rodney Clark, Edwin Rodriguez, César Torres Marrero, Inspectorate America Corporation, Bureau Veritas Holding, Inc., Core Laboratories N.V. d/b/a Saybolt, Altol Chemical Environmental Laboratory Inc. d/b/a Alchem Laboratory, Altol Environmental Services, Inc. d/b/a Altol Enterprises, Petrobras America Inc., Petroleo Brasileiro S.A., Carlos R. Méndez & Associates, Shell Trading (US) Company, Puma Energy Caribe LLC, Puma Energy International, B.V. Trafigura A.G., Trafigura Beheer B.V., Petrowest, Inc., Vitol S.A., Inc., Vitol, Inc., John Does 1-100,<br><br>        Defendants. | Civil No. 3:15-cv-01167-JAG |

**DEFENDANTS VITOL, INC. AND VITOL S.A., INC.'S**
**OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**
**EXHIBIT A TO VITOL'S REPLY BRIEF**

**TO THE HONORABLE COURT:**

**NOW COME** Defendants Vitol S.A., Inc. and Vitol, Inc. (collectively, "Vitol"), through their undersigned counsel, and respectfully submit this Response to Plaintiffs' Motion to Strike Exhibit A to Vitol's Reply Brief.

The premise of Plaintiffs' Motion to Strike is incorrect.  This Court may consider on a Motion to Dismiss the transcript of the May 2014 television program (the "Transcript") because it is not "extraneous evidence." Plts. Mtn., at 1.  The Transcript is not "extraneous evidence" because the Plaintiffs rely heavily upon the May 2014 television program, both in their Complaint (¶¶265-66 & n.55) and in their Opposition to Defendants' Motions to Dismiss (pp. 56-58).  Vitol was entitled to respond, and this Court is entitled to review such evidence.  Vitol simply transcribed and translated the program on which Plaintiffs rely. *See* Vitol Reply Br., Ex. A.

It is black-letter law that trial courts on a motion to dismiss may consider materials expressly referenced in a plaintiff's complaint.  *See, e.g., Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 32 (1st Cir. 2000) (holding that "it is well-established that in reviewing the complaint, we 'may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment'").  In their Complaint and their Motion to Dismiss, Plaintiffs seek to defend the timeliness of their allegations by arguing they were ignorant of those allegations until the airing of the May 2014 television program.  *E.g.*, "[P]laintiffs allege that they 'were not and could not have been on notice of Defendants' scheme until at least on or about May 12, 2014, when the television program "'¿Por qué pagamos tanto? En su totalidad,' aired in Puerto Rico."  Pls. Opp., at 56-57 (citing Compl. ¶265).

2

3824767v1/014718

Because Plaintiffs assert that the television program gave them "notice" of their claims, Vitol is entitled to place the program before this Court to prove that the program has nothing to do with any of Plaintiffs' claims against Vitol or the timing of Plaintiffs' knowledge of such claims. As set forth more fully in Vitol's Reply, the transcript shows that Plaintiffs' reliance on the program to avoid dismissal on stature of limitations grounds  is simply pretext, designed to excuse their untimely Complaint.

This Court should deny the Motion to Strike and grant Vitol's Motion to Dismiss.


**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 24th day of August, 2015.

I hereby certify that on this date I presented *Defendants Vitol, Inc. and Vitol S.A., Inc.'s Opposition To Plaintiffs' Motion To Strike Exhibit A To Vitol's Reply Brief* to the Clerk of the Court for filing and uploading to the Court's CM/ECF system, which will send electronic notification of such filing to all counsel of record.

THE LAW OFFICES OF
ANDRÉS W. LÓPEZ, P.S.C.

P.O. Box 13909
San Juan, Puerto Rico 00908
Telephone: (787) 294-9508
Fax: (787) 294-9519

/s/Andrés W. López
ANDRÉS W. LÓPEZ
USDC No. 215311
andres@awllaw.com

SUSMAN GODFREY, LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Fax: (713) 654-6666

Neal S. Manne
Admitted PHV 4/17/2015

3824767v1/014718

nmanne@susmangodfrey.com

Joseph S. Grinstein
Admitted PHV 4/17/2015
jgrinstein@susmangodfrey.com

Shawn Rabin
Admitted PHV 4/17/2015
srabin@susmangodfrey.com

*Counsel for Defendants*
*Vitol Inc. and Vitol S.A., Inc.*

4