UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ISMAEL MARRERO ROLÓN, ANNE CATESBY JONES, JORGE VALDES LLAUGER, PUERTO RICO BATHROOM REMODELING, INC., PERFORMANCE CHEMICALS COMPANY, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> AUTORIDAD DE ENERGÍA ELÉCTRICA A/K/A PUERTO RICO ELECTRIC POWER AUTHORITY; WILLIAM RODNEY CLARK; EDWIN RODRIGUEZ; CÈSAR TORRES MARRERO; INSPECTORATE AMERICA CORPORATION; CORE LABORATORIES N.V. D/B/A SAYBOLT; ALTOL CHEMICAL ENVIRONMENTAL LABORATORY INC. D/B/A ALCHEM LABORATORY; ALTOL ENVIRONMENTAL SERVICES, INC. D/B/A ALTOL ENTERPRISES; PETROBRAS AMERICA INC.; PETROLEO BRASILEIRO S.A; CARLOS R. MÈNDEZ & ASSOCIATES; SHELL TRADING (US) COMPANY; TRAFIGURA A.G.; TRAFIGURA BEHEER B.V.; TRAFIGURA LIMITED; TRAFIGURA ARGENTINA S.A.; PETROWEST, INC.; VITOL S.A., INC.; VITOL, INC.; JOHN DOES 1-100, <br><br>  Defendants. | C.A. No. 3:15-cv-01167-JAG |

**MOTION FOR VOLUNTARY DISMISSAL OF THE
INDIVIDUAL CLAIMS OF PLAINTIFFS PUERTO RICO BATHROOM
REMODELING, INC., ISMAEL MARRERO ROLÓN, AND PERFORMANCE
<u>CHEMICALS COMPANY, INC. WITH PREJUDICE</u>**

010476-11  936511 V1

**TABLE OF CONTENTS**

**Page**

I. BACKGROUND FACTS ..................................................................................................1

    A. The Third Amended Complaint and Defendants' Answers ....................................1

    B. The Status of Discovery ..........................................................................................2

II. ARGUMENT .....................................................................................................................3

    A. A Request for Voluntary Dismissal With Prejudice Must Be Granted Because Defendants Will Suffer No Clear Prejudice ..............................................4

    B. Even if The Dismissal Was Not With Prejudice, The Facts Demonstrate That There is No Legal Prejudice to Defendants from A Voluntary Dismissal ..............5

    C. While Plaintiffs Have Conferred With Defendants' Counsel and Believe The Dismissals Should Be Granted Without Costs or Fees, Defendants Have Not Consented ..................................................................................................................7

III. CONCLUSION ..................................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff Puerto Rico Bathroom Remodeling Inc. ("Puerto Rico Bathroom Remodeling"), Ismael Marrero Rolón ("Marrero"), and Performance Chemicals Company Inc. ("Performance Chemicals") (collectively "Movants") respectfully request an order voluntarily dismissing each of them individually as Plaintiffs with prejudice. The remaining Plaintiffs, Anne Catesby Jones and Jorge Valdes Llauger, intend to continue to serve as Plaintiffs and class representatives in this matter.

## I.   BACKGROUND FACTS

### A.   The Third Amended Complaint and Defendants' Answers

In early 2015, five plaintiffs filed suit against Defendants to recover, individually and on behalf of others similarly situated, the overcharges resulting from a decades-long scheme to procure and provide the Puerto Rico Electric Power Authority ("PREPA") with millions of barrels of fuel oil for the combustion of electricity under the guise the fuel oil met the specifications of contracts between PREPA and certain of its Fuel Oil Suppliers, as well as specifications set by the EPA Consent Decree, when it did not. As a result of this scheme, PREPA overpaid its fuel suppliers for fuel oil and passed through the entire cost of the Non-Compliant Fuel Oil to Plaintiffs and the Class on their regular monthly electricity bills.

After denial of the motions to dismiss, Defendants filed their Answers and Affirmative Defenses to Plaintiffs' Third Amended Consolidated Class Action Complaint. In their Answers, Defendants did not plead any counterclaims against any of the Plaintiffs. Because Defendants have answered the Third Amended Consolidated Class Action Complaint, Movants request that this Court, pursuant to Fed. R. Civ. P. 41(a)(2), grant their request for voluntary dismissal of them from this litigation with prejudice.

**B.     The Status of Discovery**

Pursuant to the Magistrate's Order, discovery is only proceeding at this juncture as it relates to class certification.  While the parties have exchanged some document discovery, Defendants have objected to producing the majority of documents in their possession until merits discovery.  Defendants have not produced any of their witnesses for deposition, and have objected to proceeding with Rule 30(b)(6) depositions.  The only oral discovery that has occurred are the depositions of the Plaintiffs this week.

Puerto Rico Bathroom Remodeling's deposition took place on February 28, 2017.  Mr. Zapata appeared as the Rule 30(b)(6) witness for Puerto Rico Bathroom Remodeling.  Puerto Rico Bathroom Remodeling seeks dismissal because it appears that the account with PREPA for which it made payments was in the name of one of its owners Marisol Quiles Lopez—and not in the name of the corporation. While the bills were sent to Marisol Quiles Lopez, Movant's co-owner Ramon Zapata previously understood that the PREPA account was in the name of the corporation.  At the next break in the deposition after Movant's co-owner Ramon Zapata conceded that the account was not in Movant's name during the deposition, Plaintiffs' Liaison Counsel advised one of Defendants' Liaison Counsel that Movant would move to dismiss its claim immediately.  Movant filed this motion within 24 hours of the deposition.

Ismael Marrero Rolon's deposition took place on February 28, 2017.  Mr. Marrero is not a college graduate, does not speak English, and had never had his deposition taken before.  The deposition took place in a very large conference room at O'Neill & Borges, with 12 defense lawyers (as well as the court reporter, interpreter, and Plaintiffs' counsel).  During the deposition, Mr. Marrero expressed several times on the record that he was nervous and confused.  Just before the lunch break, Mr. Marrero broke down crying during the deposition and the parties agreed to take a 45-minute break.  During the break, it was apparent to Plaintiffs' counsel that he

did not feel well enough to continue.  Accordingly, Plaintiffs' counsel advised Defendants' counsel that the deposition would need to be continued.  Based on that experience and with Mr. Marrero's agreement, it is appropriate to dismiss Mr. Marrero.

Performance Chemicals Company, Inc.'s deposition took place on February 27, 2017. Mr. Pedro Gautier, Performance Chemicals Company's President, appeared for the deposition as the Rule 30(b)(6) representative for the company.  Mr. Pedro Gautier had understood that Performance Chemicals had an account with PREPA, and further that it was an industrial account. The basis for his understanding was that the account was for business purposes, covering the business's location in an industrial-zoned building, the company paid all of the bills, and the bond that the company paid for annually at PREPA's requirement is in the company's name.  During the deposition, PREPA's counsel represented that the account was not in fact in Performance Chemical's name and was not an industrial account.  Immediately after the deposition, and during the last 48 hours, Plaintiffs' counsel paid their expert to expedite the review of three large databases of transactional data just produced by PREPA in 2017.  Based on that review, it appears that PREPA has maintained the account in Mr. Pedro Gautier's name and has categorized it as a commercial and not an industrial account. Based on that information, it is appropriate to seek the dismissal of Performance Chemicals.

## II.   ARGUMENT

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, where a Defendant has answered a complaint, and in the absence of a stipulation:

> [A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

- 3 -

Fed. R. Civ. P 42(a)(2).

### A. A Request for Voluntary Dismissal With Prejudice Must Be Granted Because Defendants Will Suffer No Clear Prejudice

"A district court must grant a plaintiff's request under Rule 41(a)(2) for voluntary dismissal, if the dismissal being sought is with prejudice." *Lopez Cruz v. P.R. Elec. Power Auth.*, 2015 U.S. Dist. LEXIS 34218, at *4 (D.P.R. Mar. 17, 2015) (citing Wright & Miller, 9 Federal Practice and Procedure: Civil § 2367 (3d ed.); *Smoot v. Fox*, 340 F.2d 301, 303 (6th Cir. 1964) ("We know of no power in a trial judge to require a lawyer to submit evidence on behalf of a plaintiff, when he considers he has no cause of action or for any reason wishes to dismiss his action with prejudice, the client being agreeable."); *Century Mfg. Co., Inc. v. Central Transp. Int'l, Inc.*, 209 F.R.D. 647, 648 (D. Mass. 2002) ("Under such circumstances, courts have found that they are without discretion and must grant the motion."); *Puello v. Citifinancial Servs., Inc.*, 2010 U.S. Dist. LEXIS 37877 (D. Mass. Apr. 16, 2010); *Nippy, Inc. v. Pro Rok, Inc.*, 932 F. Supp. 41 (D.P.R. 1996) (granting voluntary dismissal over defendant's objection that attorney's fees be awarded).

While the purpose of Rule 41(a)(2) is to prevent dismissal which would result in some clear legal prejudice to the defendant, no clear prejudice exists when a dismissal is with prejudice. *Lopez Cruz*, 2015 U.S. Dist. LEXIS 34218, at *4. There is no clear prejudice because "[a] dismissal with prejudice constitutes a complete adjudication of all claims set forth by plaintiffs, meaning that defendants receive the same outcome they would have received had the case proceeded to trial." *Id.* (citations omitted). Here, Movants seek a voluntary dismissal of their individual claims in this litigation with prejudice.

**B.     Even if The Dismissal Was Not With Prejudice, The Facts Demonstrate That There is No Legal Prejudice to Defendants from A Voluntary Dismissal**

Rule 41(a)(2) allows a plaintiff to voluntarily dismiss his own case as long as "no other party will be prejudiced." *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981) (citations omitted). Dismissal without prejudice should be permitted unless the court finds that the defendant will suffer legal prejudice. "Neither the prospect of a second suit nor a technical advantage to the plaintiff should bar the dismissal." *Id.* (citations omitted).

Conducting a "holistic" analysis where the request is for a dismissal without prejudice, courts weigh factors such as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Pagan-Garcia v. Rodriguez*, 2017 U.S. Dist. LEXIS 11776, at *5-6 (D.P.R. Jan. 26, 2017) (quoting *Doe v. Urohealth Sys.*, 216 F.3d 157, 160 (1st Cir. R.I. 2000)). Every factor need not favor the moving party to find dismissal is appropriate. *Doe v. Urohealth Sys.*, 216 F.3d 157, 160 (1st Cir. R.I. 2000) (citing *See Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980)). Application of these factors here supports Movants' request.

First, this litigation is in the early stages of discovery and a trial date has not been set. Moreover, the expenses incurred by Defendants to date are not wasted—this litigation will continue, led by the remaining Plaintiffs even after Movants' dismissal. Under these circumstances, courts find that granting the dismissal is appropriate. *Puerto Rico Maritime Shipping Auth.*, 668 F.2d at 50 (affirming the district court's decision to grant a voluntary dismissal without prejudice, stating: "The defendants also object to the lengthy and costly

discovery involved in this suit. But this discovery has not been wasted, as much of it remains relevant to the suit currently pending in a court of the Commonwealth of Puerto Rico.").

Second, Plaintiffs have been extremely diligent—filing extensively-detailed complaints, opposing multiple rounds of motions to dismiss (including the pending appeal in the First Circuit), and engaging in class discovery. Under similar circumstances, courts find the plaintiffs have satisfied the diligence factor. *Pagan-Garcia v. Rodriguez*, 2017 U.S. Dist. LEXIS 11776 (D.P.R. Jan. 26, 2017) (finding the diligence factor satisfied where the case had been pending for 2 ½ years but Plaintiffs had filed their motion prior to the close of discovery).

Third, each of the Movants has provided specific information regarding the bases for the requests for dismissal. As reflected above, once it became clear that the accounts maintained by PREPA for Movants Puerto Rico Bathroom Remodeling and Performance Chemicals were not in the corporations' names, Plaintiffs immediately moved for dismissal of their claims.

Moreover, the effects of the stress of the deposition on Mr. Marrero make it inappropriate for him to continue as a class representative. Mr. Marrero has requested dismissal within 24 hours of his deposition.

Finally, Defendants have not filed a motion for summary judgment. Moreover, Defendants will not be precluded from raising any defenses in this lawsuit as a result of this motion. Under these circumstances, "the record does not require a finding of legal prejudice to the defendants," and it is appropriate to grant the motion. *Puerto Rico Maritime Shipping Auth.*, 668 F.2d at 50-51.

**C.   While Plaintiffs Have Conferred With Defendants' Counsel and Believe The Dismissals Should Be Granted Without Costs or Fees, Defendants Have Not Consented.**

On February 28, 2017, Plaintiffs conferred with Defendants regarding the dismissal of Puerto Rico Bathroom Remodeling during the company's deposition. Defendants stated on the record that they reserved all rights with respect thereto.

On March 1, 2017, Plaintiffs' Liaison Counsel both conferred telephonically and in writing with one of Defendants' Liaison Counsel, advising that Performance Chemicals and Mr. Marrero also intended to dismiss their claims.  Plaintiffs' counsel represented that, as officers of the Court, they felt it was important that they file this motion to dismiss promptly.  Because Defendants' Liaison Counsel stated that they could not confer with the entire Defendants' group during that timeframe, Plaintiffs' counsel stated that they would represent to the Court that Defendants' counsel would respond to this brief in due course.

To the extent Defendants seek attorneys' fees, sanctions, or other conditions, Movants reserve the right to respond. "Generally, [however,] a plaintiff's voluntary dismissal with prejudice does not entitle a defendant to attorney's fees." *Nippy, Inc.*, 932 F. Supp. at 43 (citations omitted). "[W]hen a plaintiff moves for voluntary dismissal with prejudice, courts may only award attorney's fees to the defendant or sanction the plaintiff in egregious cases." *Id.* at 45. The record in this case does not reflect that Plaintiffs have been anything other than diligent, and Movants have been proactive to take immediate action to remove themselves from this lawsuit early in the discovery process.

### III.   CONCLUSION

WHEREFORE, pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiffs Puerto Rico Bathroom Remodeling Inc., Ismael Marrero Rolón, and Performance Chemicals Company Inc. respectfully request an order voluntarily dismissing each of them individually as Plaintiffs with prejudice.

- 8 -

The remaining Plaintiffs, Anne Catesby Jones and Jorge Valdes Llauger, intend to continue to serve as Plaintiffs and class representatives in this matter.

| | |
|---|---|
| DATED:  March 1, 2017 | PUERTO RICO BATHROOM REMODELING, INC., ISMAEL MARRERO ROLÓN, and PERFORMANCE CHEMICALS COMPANY INC. |
| | By: */s/ Elizabeth A. Fegan* |
| | Elizabeth A. Fegan<br>Daniel J. Kurowski<br>Mark T. Vazquez<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>455 N. Cityfront Plaza Dr., Suite 2410<br>Chicago, IL 60611<br>Telephone:  (708) 628-4949<br>Facsimile:  (708) 628-4950<br>E-mail:  beth@hbsslaw.com |

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
E-mail:  steve@hbsslaw.com

Jane A. Becker Whitaker
USDC NUMBER 205110
P.O. Box 9023914
San Juan, Puerto Rico 00902
Telephone: (787) 754-9191
Facsimile: (787) 764-3101
E-Mail: janebeckerwhitaker.com

J. Barton Goplerud
Andrew Howie
HUDSON, MALLANEY, SHINDLER &
ANDERSON, P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA  50265
Telephone:  (515) 223-4567
E-mail:  jbgoplerud@hudsonlaw.net

Daniel R. Karon
KARON LLC
700 W. St. Clair Ave., Suite 200
Cleveland, OH 44113
Direct: (216) 622-1851
Fax: (216) 241-8175
Cell: (216) 390-2594
E-mail: dkaron@karonllc.com

- 9 -

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 1, 2017 a copy of the foregoing was filed electronically. Notice of this filing will be sent to the attorneys of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                */s/ Elizabeth A. Fegan*
                                                Elizabeth A. Fegan